# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIA PILAR ORNELAS, individually and on behalf of all others similarly situated,**<br><br>Plaintiff<br><br>v.<br><br>**CENTRAL VALLEY MEAT CO, INC.,**<br><br>**Defendants** | CASE NO. 1:20-CV-1017 AWI SKO<br><br>**ORDER ON DEFENDANT'S MOTION TO COMPEL**<br><br>(Doc. No. 14) |

This is a labor related dispute between Maria Ornelas ("Ornelas") and her employer Central Valley Meat Co., Inc. ("CVM"). Ornelas brings individual claims and class claims against CVM, including both state and federal law claims, based on CVM's labor practices with respect to the Covid 19 outbreak. Currently before the Court is CVM"s motion to compel arbitration.

*Parties' Arguments*

CVM argues that Ornelas, and all of its employees, signed a document entitled "Mutual Agreement to Arbitrate Claims." In relevant part, the arbitration agreement broadly covers all disputes between CVM and its employees, assigns to the arbitrator the responsibility of determining all gateway issues (including the arbitrability of any issue), and waives both parties' right to arbitrate class claims and prevents an employee from representing a class or participating as a class member in a class action. See Lacy Dec. Ex. A. CVM argues that the Court should compel arbitration in light of the Mutual Agreement to Arbitrate Claims and dismiss this case.

Ornelas argues that she disagrees with the state of the current law and contends that forced arbitration is an oppressive mechanism that employers use to silence their employees. Nevertheless, with her objections to the current state of the law noted, Ornelas "does not oppose

1  [CVM's] request to compel arbitration to allow for an arbitrator to decide all gateway issues,
2  including without limitation, the validity, enforceability, and/or scope of the alleged arbitration
3  agreement." Doc. No. 16 at 2:24-28.  Ornelas requests that the Court stay this action pursuant to
4  Section 3 of the Federal Arbitration Act.  Ornelas emphasizes that she is not waiving any rights or
5  objections that she may have and that some claims are not subject to the Mutual Agreement to
6  Arbitrate Claims.

7   In reply, CVM states that staying the matter is acceptable.  CVM requests that the Court
8  hold that the parties delegated gateway issues for the arbitrator, grant the motion to compel, and
9  stay this case.

10   *Discussion*

11   The Federal Arbitration Act states that any agreement within its scope "shall be valid,
12  irrevocable, and enforceable," and permits a party "aggrieved by the alleged . . . refusal to
13  arbitrate" to petition any federal district court for an order compelling arbitration.  9 U.S.C. § 4;
14  Chiron Corp. v. Ortho Diagnostics Sys., 207 F.3d 1126, 1130 (9th Cir. 2000).  A district court's
15  role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2)
16  whether the agreement encompasses the dispute at issue."  Revitch v. DIRECTV, LLC, 977 F.3d
17  713, 716 (9th Cir. 2020); Chiron, 207 F.3d at 1130.  If the answer to both questions is 'yes,' the
18  district court must enforce the arbitration agreement in accordance with its terms; there is no place
19  for discretion by the district court.  Revitch, 977 F.3d at 716.  Thus, "courts should order
20  arbitration of a dispute only where the court is satisfied that neither the formation of the parties'
21  arbitration agreement nor (absent a valid provision specifically committing such disputes to an
22  arbitrator) its enforceability or applicability to the dispute is in issue."  Granite Rock Co. v.
23  International Bhd. Of Teamsters, 561 U.S. 287, 299 (2010); Revitch, 977 F.3d at 716.

24   Here, there are no material disputes.  All agree that Ornelas has signed an arbitration
25  agreement, and Ornelas does not challenge the representation that all CVM employees signed the
26  same arbitration agreement.  Further, all agree that the arbitrator will address any "gateway issues"
27  that may exist or be raised.  While Ornelas disagrees with the state of the law, she does not argue
28  that CVM's motion is contrary to the existing law or that arbitration is not warranted under the

existing law.  Therefore, the Court can only conclude that the Mutual Agreement to Arbitrate Claims assigns the arbitrator the task of addressing all "gateway issues" and that ordering arbitration is appropriate.  Because "gateway issues" may be raised in the arbitration process, and given Ornelas's position that not all of her claims are subject to arbitration, the Court will stay this matter, rather than dismissing it outright, pending completion of the arbitration.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel arbitration (Doc. No. 14) is GRANTED;
2. The parties are to proceed forthwith to arbitration consistent with the Mutual Agreement to Arbitrate Claims;
3. This case is STAYED until completion of the arbitration;
4. The parties shall provide joint status updates to the Court every three (3) months and shall immediately inform the Court upon completion of arbitration; and
5. The failure to provide timely reports and notifications as directed by this order may be grounds for the imposition of sanctions.

IT IS SO ORDERED.

Dated:   November 12, 2020 _____
SENIOR  DISTRICT  JUDGE